**IT IS ORDERED as set forth below:**



**Date: March 27, 2024**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| IN THE MATTER OF: | : | CASE NUMBERS |
|---|---|---|
| ROBERT STORM, | : | BANKRUPTCY CASE |
| | : | 23-55028 LRC |
| Debtor. | : | |
| _____ | : | |
| CRAIG BARRETT, | : | ADVERSARY PROCEEDING |
| | : | NO. 23-05167-LRC |
| Plaintiff, | : | |
| v. | : | |
| ROBERT STORM, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Defendant. | : | BANKRUPTCY CODE |

**ORDER**

Before the Court is the *Motion to Dismiss Complaint for Failure to State a Claim upon which Relief May be Granted* (Doc. 4) (the "Motion") filed by Robert Storm ("Defendant"). The Motion seeks dismissal, pursuant to Rule 7012 of the Federal Rules of

Bankruptcy Procedure, of the amended complaint (Doc. 1, the "Complaint") filed by Craig Barrett ("Plaintiff").  The Complaint seeks a determination that a debt owed by Defendant to Plaintiff is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6).  Accordingly, this matter constitutes a core proceeding over which this Court has subject matter jurisdiction.  *See* 28 U.S.C. §§ 157(b)(2)(I); § 1334.  Plaintiff opposes the Motion but has, in its response, moved to dismiss the § 523(a)(2)(A) claim (Count V) without prejudice, leaving only the §§ 523(a)(4) and (a)(6) claims for analysis.  As the Court concludes that the Complaint fails to state a claim under § 523(a)(4) (Count VI), the Court will grant the Motion as to Count V and VI but will deny it as to the § 523(a)(6) claim (Count VII).

**Facts**[1]

On or about February 6, 2019, BinaNat Capital, LLC, a Georgia limited liability company ("BinaNat") made a loan to Lewis & Finch, LLC, secured by property on Haygood Avenue in Atlanta, Georgia, in the amount of $308,750 (the "First Loan").  Defendant is the sole member of BinaNat, which is also the debtor in a separate bankruptcy case filed with this Court (Case No. 23-55019-LRC).  On or about February 14, 2020, BinaNat made a loan to ATL Flipsters, LLC, secured by property on Eason Street in Atlanta, Georgia, in the amount of $188,500 (the "Second Loan").  In March 2019, BinaNat made another loan which was secured by property on Edgewater Avenue in Atlanta,

---

[1] The Court has taken the facts from the allegations of the Complaint. *See generally Intravisual Inc. v. Fujitsu Microelectronics Am. Inc.*, 2011 WL 1004873, at *5 (E.D. Tex. Mar. 18, 2011) (holding that "allegations pled on 'information and belief' should be reviewed in the same way as all factual allegations in a Complaint" such that, the "mere fact that allegations begin with the statement 'on information and belief' will not automatically render them insufficient").

Georgia (the "Third Loan," together with the First Loan and Second Loan, hereinafter referenced as the "Loans"). BinaNat transferred and assigned to Plaintiff 16.9% or $50,000 of the First Loan, 26.53% or $50,000 of the Second Loan and $75,000 of the Third Loan, for a total investment by and assignment to Plaintiff of $175,000, pursuant to certain Servicing Agreements (the "Servicing Agreements") dated February 6, 2019, February 14, 2020, and March 2019.

The Servicing Agreements also provided that BinaNat would service the Loans for the direct benefit of Plaintiff. Pursuant to the Servicing Agreements, BinaNat and Defendant guaranteed to and in favor of Plaintiff all of the respective obligations of the borrowers under the Loans. The Loans were subsequently repaid to BinaNat and Defendant in full, but contrary to Defendant's and BinaNat's obligations under the Servicing Agreements, the proceeds of the Loans were retained by Defendant and BinaNat and not paid to Plaintiff. Prior to the filing of the above bankruptcy proceedings, Plaintiff made multiple demands to BinaNat and Defendant for payment of the proceeds of the Loans, but Defendant and BinaNat have failed and refused to make such payments.

**Legal Standards**

The Motion is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure. Dismissal of a complaint is appropriate if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Whether a complaint states a claim must be considered in relation to Rule 8(a), which requires a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

3

P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Relevant to this case, however, under Rule 9(b), allegations of fraud must be pled with particularity, but "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "Rule 9(b) is satisfied if the complaint sets forth '(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.'" *Tello v. Dean Witter Reynolds, Inc.*, 494 F.3d 956, 972 (11th Cir. 2007) (quoting *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)). "'[A]lternative means are also available to satisfy the rule' in substantiating fraud allegations." *Tello*, 494 F.3d at 972-73.

A court must accept all well-pled facts as true and must construe those facts and the complaint in the light most favorable to the plaintiff but need not accept legal conclusions. *Mink v. Smith & Nephew, Inc.*, 860 F.3d 1319, 1324 (11th Cir. 2017); *Fourth Estate Pub.*

4

*Benefit Corp. v. Wall-Street.com, LLC*, 856 F.3d 1338, 1339 (11th Cir. 2017). Here, the Complaint seeks a determination that the debt owed by Defendant to Plaintiff is nondischargeable under §§ 523(a)(4) and (a)(6). "[T]he claims of fraud or defalcation while acting as a fiduciary under § 523(a)(4) are governed by the heightened pleading standards of Rule 9, while Plaintiff's claims for . . . embezzlement under § 523(a)(4) and the claims under § 523(a)(6) are governed by Rule 8." *In re Wells-Lucas*, 2021 WL 1234454, at *1–2 (Bankr. N.D. Ga. Mar. 31, 2021); *see also In re Presley*, 490 B.R. 633, 639 (Bankr. N.D. Ga. 2013) ("Rule 9's heightened pleading standard does not apply to allegations of embezzlement . . . under this section.").

**<u>Analysis</u>**

Defendant submits that "the Complaint does not allege any facts to support the conclusions of misconduct." The Court notes that the Complaint does state that "[t]he Loans were subsequently repaid to BinaNat and [Defendant] in full, but contrary to [Defendant] and BinaNat's obligations under the Servicing Agreements, and constituting an act of theft, conversion and embezzlement, the proceeds of the Loans were retained by [Defendant] and BinaNat and not paid to Plaintiff." These, however, are legal conclusions, not facts. According to Defendant, the Complaint should include such facts as the "dates [Defendant] purportedly took money from BinaNat for himself, or any allegations of specific amounts of money that [Defendant] took out of BinaNat for himself, or any allegations providing details of the alleged theft, fraud, embezzlement, etc. such as whether it was purportedly by means of checks, or wire transfers, or some other process." In response, Plaintiff acknowledges that Rule 9 applies to its fiduciary fraud claim but

5

cautions that [s]trict applications of Rule 9(b) prior to discovery are impermissible because they may allow sophisticated defrauders to conceal details of their fraud and avoid liability," citing *Jou v. Adalian (In re Adalian)*, 474 B.R. 150, 158 (Bank. M.D. Pa. 2012). Plaintiff submits that its general allegations that Defendant and BinaNat received Plaintiff's property and did not remit it to Plaintiff are sufficient to permit the Court to infer that Defendant acted knowingly and with fraudulent intent and that Plaintiff used the funds in a manner inconsistent with Plaintiff's rights. Further, Plaintiff urges the Court to find that the Complaint alleges sufficient facts to establish, for purposes of § 523(a)(6), that Defendant acted willfully and maliciously when he failed to remit the funds to Plaintiff.

The Court agrees with Defendant that the Complaint, as pled, is insufficient to state a claim for relief under § 523(a)(4). As to the § 523(a)(4) claim, Plaintiff seeks a determination that the debt is one for fraud or defalcation while acting in a fiduciary capacity and embezzlement. "For a debt to be nondischargeable based upon [fraud or] defalcation while acting in a fiduciary capacity, the debtor must have stood in a fiduciary relationship with the creditor alleging nondischargeability of the debt; the fiduciary relationship must have existed prior to the creation of the debt; and the debt must have resulted from some act of fraud or defalcation by the debtor." *In re Riddle*, 2011 WL 2461896, at *3 (Bankr. N.D. Ga. Apr. 6, 2011) (citing *Quaif v. Johnson (In re Quaif)*, 4 F.3d 950, 953–955 (11th Cir.1993)). "In this circuit, a three-part test determines whether a debtor acted 'in a fiduciary capacity' based on a fiduciary relationship created by a contract or statute." *In re Godwin*, 651 B.R. 392, 397 (M.D. Fla. 2023) (citing *In re Forrest*, 47 F.4th 1229, 1241 (11th Cir. 2022). "First, 'the fiduciary relationship must have

6

(1) a trustee, who holds (2) an identifiable trust res, for the benefit of (3) an identifiable beneficiary.' Second, a contract or statute 'must define sufficient trust-like duties imposed on the trustee,' the most important being 'the duty to segregate trust assets and the duty to refrain from using trust assets for a non-trust purpose.' Finally, the fiduciary relationship must exist before the act of fraud or defalcation and cannot arise from the act." *Id*. (internal citations omitted).  If the Complaint alleges facts to support a claim that Defendant embezzled Plaintiff's property, Plaintiff need not rely on the existence of a fiduciary relationship to prevail under § 523(a)(4). *See In re Wells-Lucas*, 2021 WL 1234454, at *9 (Bankr. N.D. Ga. Mar. 31, 2021) ("Plaintiff must prove only one of the three to succeed."). Embezzlement is the "fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." *Ga. Dep't Human Servs. v. Ngwangu (In re Ngwangu)*, 529 B.R. 358, 365 (Bankr. N.D. Ga. 2015) (quoting *Fernandez v. Havana Gardens, LLC,* 562 F. App'x. 854, 856 (11th Cir. 2014)).  To establish embezzlement, "Plaintiff must show improper use of property of another that is lawfully in the debtor's possession." *In re Logan*, 2015 WL 4940041, at *7 (Bankr. N.D. Ga. July 1, 2015). "'Thus, to amount to embezzlement, conversion must be committed by a perpetrator with fraudulent intent.'" *In re McQuillin*, 509 B.R. 773, 785 (Bankr. D. Mass. 2014) (quoting *In re Sherman*, 603 F.3d 11, 13 (1st Cir. 2010)). "Fraudulent intent may be determined from the facts and circumstances surrounding the act." *In re Veneziano*, 615 B.R. 666, 677 (Bankr. D. Conn. 2020).

As to the § 523(a)(6) claim, § 523(a)(6) states that a debt may be excepted from discharge "for willful and malicious injury by the debtor to another entity or to the property

7

of another entity." 11 U.S.C. § 523(a)(6). A finding of "willfulness" requires "'a showing of an intentional or deliberate act, which is not done merely in reckless disregard of the rights of another.'" *Maxfield v. Jennings (In re Jennings)*, 670 F.3d 1329, 1334 (11th Cir. 2012) (citing *Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1163 (11th Cir. 1995)); *Kawaauhau v. Geiger*, 523 U.S. 57, 61–62, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998)) ("An injury is willful when the injury itself was 'deliberate or intentional' and not merely the result of an intentional act that resulted in injury."). Accordingly, to be willful, the debtor must commit "an intentional act the purpose of which is to cause injury or which is substantially certain to cause injury." *Jennings*, 670 F.3d at 1334. Malicious means "'wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will.'" *Id.* (citing *Walker*, 48 F.3d at 1164). No proof of "specific intent to harm another" is necessary to establish malice. *Id*.

Defendant asserts that the Complaint contains insufficient facts to establish a claim that Defendant owes it a debt arising from defalcation in a fiduciary capacity, theft, or embezzlement, or a debt arising from willful and malicious injury. As the Court understands the facts of this matter, having read the Complaint and its attachments, including a representative servicing agreement, Plaintiff alleges it purchased an interest in the Loans that BinaNat made to borrowers and BinaNat agreed to act as Plaintiff's agent to collect and remit the payments made by borrowers on the Loans. Plaintiff asserts that BinaNat assigned the loans to Plaintiff, such that the funds repaid on the Loans belonged to Plaintiff. From these facts, the Court can infer that Defendant understood that neither he nor BinaNat was the owner of the Loans and that, when the funds were repaid, he did

8

not have the right to keep the money. But there are simply insufficient facts from which the Court can infer fraudulent intent for purposes of establishing embezzlement. Rather, the Complaint "simply makes the conclusory statement that [Defendant's] acts constitute embezzlement.," and the Court "does not have to accept conclusions as true for purposes of Rule 12(b)(6)." *In re Sorge*, 566 B.R. 369, 381 (Bankr. E.D.N.C. 2017). The simple fact that someone failed to pay money to its rightful owner does not establish that he did so with fraudulent intent. The Court recognizes that fraudulent intent is often inferred from the circumstances. But the Complaint is very "bare bones." For example, it contains no additional facts suggesting that Defendant acted in a surreptitious manner or otherwise attempted to conceal his actions, and it lacks any facts regarding what Defendant did with the funds. Without any additional facts, the Court cannot infer fraudulent intent.

As to whether Defendant was acting in a fiduciary capacity, Plaintiff fails to argue this point, stating simply that "Plaintiff's allegations do not require establishing a fiduciary relationship, though it is likely that Defendant's obligations under the servicing agreement do create such a relationship." The Court cannot agree that the Servicing Agreement supports a finding that Defendant acted in a fiduciary capacity. Standing alone, an agent-principal relationship is insufficient to establish the type of fiduciary duty contemplated by § 523." *In re Fravel*, 485 B.R. 1, 16 (Bankr. D. Mass. 2013); *In re Heister*, 290 B.R. 665, 673 (Bankr. N.D. Iowa 2003) (stating that § 523(a)(4) "does not encompass ordinary commercial relationships such as debtor-creditor or principal-agent") (citing *In re Dove*, 78 B.R. 630, 633 (Bankr. M.D. Ga. 1986)); *In re Ridgway*, 24 B.R. 780, 785 (Bankr. D. Kan. 1982) ("Here there clearly was no express trust agreement. The parties' contract

9

established contractual duties but had none of the attributes of a trust agreement such as the duty to preserve the res through investment or the duty to segregate funds."); *In re Dawson*, 16 B.R. 343, 346 (Bankr. N.D. Ill. 1982) ("This court interprets the qualifying terms 'fiduciary duty' to require proof of a technical trust between the agent and principal, before a debt due and owing between them can be found non-dischargeable."); *In re Parton*, 137 B.R. 902, 907 (Bankr. S.D. Ohio 1991) ("Absent additional factors, § 523(a)(4) does not apply to the fraud of agents."). A "consignment agreement creating an agency relationship does not, by itself, establish a fiduciary relationship for purposes of § 523(a)(4)." *In re Narcisi*, 691 F. App'x 606, 611 (11th Cir. 2017) (citing *In re Blaszak*, 397 F.3d 386, 391 (6th Cir. 2005) ("[A]n agent-principal relationship standing alone is insufficient to establish the type of fiduciary duty contemplated by § 523.").).

Here, as Defendant points out, the Servicing Agreement did not include language requiring Defendant to preserve any *res* through investment or a duty to segregate funds. Although the servicing agreement does states that "BinaNat shall hold the escrow funds noted above in trust for repairs and renovations to the Security and shall disburse said escrow funds pursuant to the terms of the Loan," the Court is not convinced that anything in the Servicing Agreement created an express trust sufficient to satisfy the narrow construction of "fiduciary capacity" applies to § 523(a)(4). *See generally In re Chick*, 53 B.R. 697, 702–03 (Bankr. D. Or. 1985) (concluding that the "the language contained in the sales agency agreement, evidencing a trust, is mere boiler plate," and "in looking at the substance of the relationship between the parties, the specific intent to create an express trust (fiduciary relationship) [was] lacking"); *In re Ellis*, 310 B.R. 762, 764 (Bankr. W.D.

10

Okla. 2004) ("[E]ven though it uses the phrase 'in trust,' it is insufficient as a matter of law to create a fiduciary relationship for purposes of § 523(a)(4).") (citing *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 334, 55 S.Ct. 151, 79 L.Ed. 393 (1934) ("The substance of the transaction is this, and nothing more, that the mortgagor, a debtor, has bound himself by covenant not to sell the mortgaged chattel without the mortgagee's approval. The resulting obligation is not turned into one arising from a trust because the parties to one of the documents have chosen to speak of it as a trust."). As the Complaint fails to plead sufficient facts to establish a claim under § 523(a)(4), the Motion will be granted as to Count VI.

The § 523(a)(6) claim, however, is sufficiently pled. Plaintiff alleges that it gave BinaNat money that was to be used to make loans that would be assigned to Plaintiff and that Defendant used Plaintiff's money for other purposes in some instances and in others, when borrowers paid Plaintiff's funds to BinaNat, Defendant took the money and used it for another purpose. Plaintiff also alleges that it never received all its money back. Again, from these facts, the Court can infer that Defendant knew that the funds did not belong to BinaNat or Defendant and, therefore, it was a substantial certainty that failure to remit the funds to Plaintiff would injure Plaintiff's property interest. Although Defendant may be able to prove that he did not act willfully or with malice, for now, these facts are sufficient to plead a claim for conversion of Plaintiff's property, and the "Court concludes that these allegations satisfy the facial plausibility test of *Twombly* and *Iqbal* and are sufficient to permit [Defendant] to prepare an answer." *In re Dodge*, 623 B.R. 663, 670 (Bankr. N.D. Ga. 2020). Accordingly, the Court will deny the Motion as to Count VII.

11

**Conclusion**

For the reasons stated above, it is hereby

ORDERED that the Motion is **GRANTED in part and DENIED in part;**

**IT IS FURTHER ORDERED** that Count V of the Complaint to determine that a debt is nondischargeable under § 523(a)(2)(A) is DISMISSED without prejudice;

**IT IS FURTHER ORDERED** that Count VI of the Complaint to determine that a debt is nondischargeable under § 523(a)(4) is DISMISSED;

**IT IS FURTHER ORDERED** that the remainder of the Motion is **DENIED**.

**END OF DOCUMENT**

**Distribution List**

Robert Storm
94 Rosehill Court
St. Augustine, FL 32092

Michael D. Robl
Robl Law Group LLC
Suite 250
3754 LaVista Road
Tucker, GA 30084

Kenneth A. Shapiro
Mitchell & Shapiro, LLP
881 Piedmont Ave NE
Atlanta, GA 30309